Howard T. Hogan, J.
In this eminent domain proceeding the claimant has filed several objections to the tentative decree. Several of the points raised have been resolved by the parties, and the remaining point presents a very interesting question.
Section 16 of the Condemnation Law provides that if compensation awarded by the court to a resident owner of property exceeds the amount offered 'by the condemnor, or if the condemnor makes no offer, then the court shall direct that the defendant shall recover costs, and may grant an additional allowance of costs not to exceed 5% of the amount awarded.
*985 Counsel for claimant has introduced into evidence a copy of a form which was the basis of a 75% payment made to claimant prior to trial. Set forth on that exhibit are two figures. First, an amount indicated as “ Approved by HHFA ” $22,500, and second, an amount “Proposed by L. P. A.” of $45,200. ‘ ‘ HHFA ’ ’ refers to the Regional Housing and Home Finance Agency of the Urban Renewal Agency. “ L. P. A.” means the Local Public Agency.
It appears from the record that the appraisal was prepared by an appraiser chosen by the L. P. A. from a list provided by the Federal agency. That appraisal was $45,000. The Federal Department of Housing and Urban Development (HUD) did not approve that figure but submitted to the L. P. A. a second list of appraisers from which the L. P. A. was advised to select another appraiser. None of the second group were local appraisers. At the trial the petitioner’s expert found a total value of $25,000, while the claimant’s expert chose $75,000 as his finding of value. The court found a value of $67,960, which is far in excess of the $22,500 figure upon which the partial payment was predicated.
The callow handling of this matter has caused the claimant herein obvious disadvantage. Were the offer of $45,200 made, it could have been a basis for settlement negotiations that perhaps would have terminated this matter. By recommending presumably competent and independent appraisers and then rejecting their work product, the Federal Government has epitomized the essence of bureaucratic ineptness. This obvious attempt to exercise present and future control over supposedly independent appraisers is another unfortunate ease of a government ignoring the word “ just ” in claimant’s constitutional right to 1 ‘ just compensation ’ ’ and attempting to grab land for one third of its true value.
The court would have no hesitancy in awarding both costs and additional costs in the full amount of 5% were this matter brought pursuant to the Condemnation Law. It is rather brought under the Nassau County Administrative Code (L. 1939, ch. 272), which provides in subdivision e of section 11-54.0, in effect, that claimants are not entitled to costs.
There has been a laudatory trend in condemnation decisions to compare several different provisions and read them in light of the equal protection provisions of the Constitution.
The question of the quantum of interest, for example, has been ultimately determined by the Court of Appeals to be 6% *986 subsequent to August 1, 1966 (Matter of City of New York [Manhattan Civic Center Area], 27 N Y 2d 518).
The Appellate Division, Fourth Department, in City of Buffalo v. Clement Co. (34 A D 2d 24, 36, 37), has passed on the very question presented here. The court, in comparing the Buffalo City Charter, which denied costs to claimants, and the Condemnation Law, which permits costs, held that: “The Buffalo Charter results in unequal and unjust treatment of those owners in Buffalo whose property is condemned by the city as distinguished from those owners whose property is otherwise condemned * * * Hence, the Buffalo Charter must be held unconstitutional insofar as it deprives Clement of equal treatment under the law, that is, with respect to an extra allowance for costs * * * We also find that the trial court erred in denying Clement statutory costs and disbursements (City of Buffalo v. Irish Paper Co., supra [31 A D 2d 470], p. 477) (Emphasis supplied.)
While the case at bar differs from the Irish Paper Co. (supra), cited by the Appellate Division, in that the Administrative Code herein specified that no costs shall be allowed, the court finds that the same “ equal protection ” rationale applies to both statutory and discretionary additional costs.
In Matter of Town of Hempstead (Lido Beach) (58 Misc 2d 134, 137, 138) this court found a 4% interest rate paid by the town to be unconstitutional when the 'State of New York was paying interest at the rate of 6%. The following comments of this court on that issue are equally apropos in this proceeding: “ An individual has no control over which body is acquiring his property and should not 'be penalized by virtue of the nature of his condemnor. The amount of just compensation cannot vary depending upon whether the State, a county, a town or a village is the condemnor ’ \
‘1 Here [we] are confronted with various segments of municipal government having inconsistent provisions applying to the ■same state of facts within the same State ”.
The court finds that section 16 of the Condemnation Law must be read together with the provisions of the Administrative Code of Nassau County, as well as with the Fifth and Fourteenth Amendments to the United States Constitution providing for just compensation and equal protection of the laws. With that in mind, based on the facts of this case, claimant is entitled to both statutory costs and an additional 5% discretionary costs.